UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, BURTON, and BORGERDING[1]
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 JOHN C. BODDY
 United States Army, Appellant

 ARMY 20100078

 Headquarters, Fort Bliss
 Michael Hargis, Military Judge
 Colonel Michael J. Benjamin, Staff Judge Advocate (pretrial)
 Colonel Francis P. King, Staff Judge Advocate (recommendation & addendum)

For Appellant: Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain
Tiffany K. Dewell, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

 17 August 2011

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------

Per Curiam:

 A military judge, sitting as a general court-martial, convicted
appellant contrary to his pleas of three specifications of knowing
possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5),
such conduct being prejudicial to good order and discipline and of a nature
to bring discredit upon the armed forces, all of which is made punishable
by Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006)
[hereinafter UCMJ]. Appellant was also convicted, pursuant to his pleas,
of wrongful use of marijuana on divers occasions, and wrongful use of
cocaine on divers occasions, in violation of Article 112a, UCMJ.[2] The
military judge sentenced appellant to a bad-conduct discharge and
confinement for twenty months. The convening authority reduced the
sentence to confinement to nineteen months and approved the remainder of
the sentence.[3]

 Although not raised by appellate defense counsel, we find appellant
did not knowingly possess several thumbnail images of child pornography
that were stored in a cache folder on his laptop computer. We have also
considered the matters appellant personally raised pursuant to United
States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), but find them to be without
merit.

 LAW AND DISCUSSION

 This case is before us for review under Article 66, UCMJ, which
provides that a Court of Criminal Appeals “may affirm only such findings of
guilty . . . as it finds correct in law and fact.” In performing our duty,
we must conduct a de novo review of factual sufficiency. United States v.
Washington, 57 M.J. 394, 399 (C.A.A.F. 2002). This review for factual
sufficiency “involves a fresh, impartial look at the evidence, giving no
deference to the decision of the trial court on factual sufficiency beyond
the admonition in Article 66(c), UCMJ, to take into account the fact that
the trial court saw and heard the witnesses.” Id.

 To commit the offense of possession of child pornography, an accused
must, inter alia, knowingly possess the charged image of child pornography.
 18 U.S.C. § 2252A(a)(5). See United States v. X-Citement Video Inc., 513
U.S. 64, 79 (1994) (Stevens, J., concurring). In Specification 3 of Charge
II, appellant was convicted of possessing a laptop computer that contained
two videos and eight images of child pornography. However, after reviewing
the entire record, we are not convinced beyond a reasonable doubt that
appellant knowingly possessed the eight images charged in that
specification.

 The images at issue were thumbnail pictures which were, according to
the government’s computer expert, still images of video content. These
still-image thumbnails were found on appellant’s laptop in the “art cache
folder” indicating that they were automatically created by Windows Media
Player when the associated video was viewed. Under normal settings the art
cache folder is hidden from the computer user.

 From the evidence of record we cannot conclude that appellant
knowingly possessed the eight thumbnail images described above. In
particular, there is no evidence from which we can infer that appellant
knew these eight thumbnail images were stored on his computer. Appellant
did not download or save the images himself — they were automatically
created by a computer program. There is no evidence that appellant ever
accessed these thumbnail images. Furthermore, the images were in a hidden
folder in the allocated space of his laptop’s hard drive. Thus, there is
no evidence that appellant attempted to delete the images, indicating his
knowledge of their existence. Finally, there is no evidence that appellant
had specialized training from which we can infer knowledge of these hidden,
computer-generated thumbnail images. In short, we are not convinced beyond
a reasonable doubt that appellant knowingly possessed the eight thumbnail
images found in the hidden art cache folder on his laptop computer.[4]

 CONCLUSION

 The court affirms only so much of the finding of guilty of
Specification 3 of Charge II as finds that appellant “did at or near Fort
Bliss, Texas, on land owned by the United States Government, on or about 21
December 2007, knowingly possess a Dell Inspiron computer, serial number
cn0RJ272-70166-654-073c, containing a Seagate hard drive, serial number
3LF3VL77, containing two (2) video files of child pornography in violation
of 18 U.S.C. § 2252A(a)(5) which conduct was prejudicial to good order and
discipline in the armed forces and was of a nature to bring discredit upon
the armed forces.” The remaining findings of guilty are affirmed.
Reassessing the sentence on the basis of the error noted, the entire
record, and in accordance with the principles of United States v. Sales, 22
M.J. 305 (C.M.A. 1986), and United States v. Moffeit, 63 M.J. 40 (C.A.A.F.
2006), to include the factors identified by Judge Baker in his concurring
opinion in Moffeit, the court affirms the sentence as approved by the
convening authority.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] Judge BORGERDING took final action in this case while on active duty.

[2] Appellant was found not guilty of one specification alleging a general
disorder prejudicial to good order and discipline or of a nature to bring
discredit upon the armed forces in violation of Article 134, UCMJ.
[3] We note that neither the action nor the promulgating order reflect the
convening authority’s decision to waive appellant’s automatic forfeitures
for six months for the benefit of appellant’s dependents. See Article
58b., UCMJ. Even if this is error, see Army Reg. 27-10, Legal Services:
Military Justice, para. 5-32a (16 November 2005), the record indicates that
appellant’s dependents did receive the waived forfeitures.
[4] We are convinced beyond a reasonable doubt that appellant knowingly
possessed the remaining two videos alleged in Specification 3 of Charge II
and that he did not take reasonable steps to destroy the videos or report
the matter to a law enforcement agency. See 18 U.S.C. § 2252A(d).